

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **I N D I C T M E N T** |
| ) | |
| Plaintiff, ) | |
| ) | **1:15 CR 356** |
| v. ) | CASE NO. _____ |
| ) | Title 18, Section 371, United |
| LERONA RENAY SHELTON, aka RENAY ) | States Code; |
| BAKER, aka LERONA BAKER, aka ) | Title 26, Section 7206(2), United |
| RENAY SHELTON, ) | States Code; |
| ) | Title 18, Section 1512(c)(2), |
| Defendant. ) | United States Code; |
| ) | Title 18, Section 1001, United |
| ) | States Code; and |
| ) | Title 18, Section 1623, United |
| ) | States Code. |

**JUDGE POLSTER**

The Grand Jury Charges:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1.  Defendant LERONA RENAY SHELTON, aka RENAY BAKER, aka LERONA BAKER, aka RENAY SHELTON, (hereinafter, "SHELTON" or "Defendant SHELTON") was formerly a resident of Cleveland, Ohio, moved to Atlanta, Georgia, in 2007, and to Birmingham, Alabama, in 2011.

2. Sean Houston (hereinafter, "Houston"), a resident of Cleveland, Ohio, is named but not indicted herein. Houston prepared tax returns through Supreme Tax.

3. Nikita Griffin (hereinafter, "Griffin"), a resident of the State of Georgia, is named but not indicted herein. Griffin negotiated refund anticipation loan checks from tax returns filed by Houston.

4. A "tax preparer" is an individual who completes and/or files federal income tax returns on behalf of a taxpayer.

5. Internal Revenue Service ("IRS") procedures allow a taxpayer or tax preparer to request payment of a refund electronically by direct deposit, and the procedures also allow a refund to be deposited to prepaid debit cards.

6. Tax preparers may arrange "refund anticipation" loans by submitting an income tax return, showing a refund due, to a business which funds such loans.

7. The Santa Barbara Tax Products Group/Santa Barbara Bank and Trust (hereinafter, Santa Barbara Bank), of San Diego, California, made refund anticipation loans based upon income tax returns submitted by Houston.

8. An application for an Electronic Filing Identification Number ("EFIN") was approved by the IRS on December 10, 2009, in the name of a business identified as "Supreme Tax"; Supreme Tax was used by Houston to file tax returns.

9. Defendant HOUSTON prepared and submitted income tax returns under the Supreme Tax EFIN for taxable years 2009 and 2010, until the Supreme Tax EFIN was canceled by the IRS on April 1, 2011.

## COUNT 1
18 U.S.C., § 371
Conspiracy to Defraud the United States of America

The Grand Jury further charges:

10. The factual allegations contained in paragraphs 1 through 9 are re-alleged and incorporated by reference as if fully set forth herein.

11. From on or about January 1, 2010, the exact date unknown to the Grand Jury, and continuing to on or about March 1, 2010, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant LERONA RENAY SHELTON, Sean Houston, Nikita Griffin, and others known and unknown to the Grand Jury, agreed, combined, and conspired to defraud the United States by submitting false claims for federal income tax refunds to the United States Department of the Treasury through the Internal Revenue Service.

### Object of the Conspiracy

12. It was the object of the conspiracy that Defendant SHELTON and others would enrich themselves by obtaining the proceeds of fraudulent income tax refunds generated by false income tax returns prepared and submitted to the IRS.

### Manner and Means

The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

13. SHELTON obtained taxpayer names, addresses, and Forms W-2, the latter claiming false employments, wages, and tax withholding.

14. SHELTON sent the information to Houston, who prepared and submitted tax returns to the IRS.

15. Houston also submitted the filed returns to the Santa Barbara Bank, which authorized refund anticipation loans based upon the refunds claimed on the returns.

16. When the Santa Barbara Bank questioned the legitimacy of the returns submitted by Houston, Houston contacted SHELTON, who then sent Houston electronic filing consent forms and other identifying information.

17. Houston generated five refund anticipation loan checks for the tax returns he filed at SHELTON'S request. Houston sent these checks to SHELTON.

18. SHELTON caused the five checks to be provided to Griffin, who deposited three of the checks into a personal account controlled by him. As to the remaining checks, Griffin met the individuals whose names were on the returns and had those individuals cash the checks. Griffin then received most of the cash.

## Overt Acts

19. In and around January 2010, SHELTON obtained the name and phone number of Houston, who was identified to SHELTON as someone who could file tax returns at SHELTON'S request.

20. Prior to February 4, 2010, SHELTON obtained names, addresses, Forms W-2, and identification documents for individuals for whom fraudulent tax returns were filed.

21. At some time prior to February 4, 2010, SHELTON sent, through a family member, a package to Houston. The package contained false Forms W-2, and identifying information such as driver's licenses and identification cards for individuals in whose names tax returns were to be filed.

22. At some time prior to February 17, 2010, SHELTON sent Houston electronic filing consent forms for the individuals in whose names Houston had filed tax returns.

4

23. Prior to February 18, 2010, Houston sent to SHELTON refund anticipation loan checks for five individuals, and SHELTON provided these checks to Griffin.

24. After negotiating the refund anticipation checks, Griffin provided cash to SHELTON.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2 - 7
## 26 U.S.C., § 7206(2)
### Aiding and Abetting Tax Returns

The Grand Jury further charges:

25. The factual allegations of Paragraphs 1 through 9, and 12 through 24 are re-alleged and incorporated by reference as if fully set forth herein.

26. On or about the dates set forth herein, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant LERONA RENAY SHELTON, a resident of Atlanta, Georgia, did willfully aid and assist in, and procure, counsel and advise the preparation and presentation to the Internal Revenue Service, of U.S. Individual Income Tax Returns, Forms 1040 or variants thereof, either individual or joint, for the taxpayers (identified by initials and whose identities are known to the Grand Jury), for the calendar years specified. The returns were false and fraudulent as to material matters, in that they represented that the taxpayers were entitled to claim deductions for items and in amounts hereinafter specified, resulting in income tax refunds, whereas, as Defendant SHELTON then and there knew, the taxpayers were not entitled to the refunds claimed:

| Count | Date of Offense | Taxpayer | Calendar Year | False Items | Refunds Claimed |
|---|---|---|---|---|---|
| 2 | February 4, 2010 | DS | 2009 | Wages, Tax withholding Form W-2 | $4,324 |
| 3 | February 4, 2010 | CM | 2009 | Wages, Tax withholding Form W-2 | $4,465 |
| 4 | February 4, 2010 | ZP | 2009 | Wages, Tax withholding Form W-2 | $4,404 |
| 5 | February 4, 2010 | GS | 2009 | Wages, Tax withholding Form W-2 | $4,434 |
| 6 | February 4, 2010 | TS | 2009 | Wages, Tax withholding Form W-2 | $4,386 |
| 7 | February 11, 2010 | WW | 2009 | Wages, Tax withholding Form W-2 | $4,144 |

All in violation of Title 26, United States Code, Section 7206(2).

### COUNT 8
### 18 U.S.C., § 1512(c)(2)
### Obstruction of Official Proceeding

The Grand Jury further charges:

27. The factual allegations contained in paragraphs 1 through 9, 12 through 24, are re-alleged and incorporated by reference as if fully set forth herein.

28. From on or about March 1, 2011, through the date of filing of this Indictment, IRS Criminal Investigation (CI) was investigating the preparation and submission of false federal income tax returns by Houston, and individuals associated with Houston. In the course of this investigation, federal search warrants were executed on March 31, 2011, grand jury subpoenas were issued, and witnesses were called before the Grand Jury.

29. During this investigation, SHELTON was interviewed by a special agent with IRS-CI, and an IRS-CI contractor, on May 30, 2012. SHELTON was again interviewed by this special agent and contractor on March 12, 2013, prior to an appearance before a federal grand jury. SHELTON testified in the Grand Jury on March 12, 2013. In or around April 2015, SHELTON, in speaking with the special agent about potential trial testimony, did not advise the special agent that statements made in her prior interview and her grand jury testimony were incorrect.

## The Offense

30. From on or about May 30, 2012, and continuing to on or about April 22, 2015, in the Northern District of Ohio, Eastern Division, and elsewhere, LERONA RENAY SHELTON did corruptly obstruct, influence and impede any official proceeding and did corruptly attempt to do so.

31. It was part of the offense that SHELTON made false and misleading statements and material misrepresentations to the IRS. Said statements and misrepresentations included that she did not know Sean Houston; then later, that she knew Houston only as "Sean;" that she sent him only personal documents relating to her personal tax return; that she never had Houston prepare tax returns for other individuals; that she never sent Houston any documents such as driver's licenses, identification cards, Forms W-2s, and electronic filing consents; that she never received refund anticipation loan checks from Houston; and that she never provided any such checks to Griffin.

All in violation of Title 18, United States Code, Section 1512(c)(2).

## COUNT 9
18 U.S.C., § 1001
False Statements

The Grand Jury charges:

32    The factual allegations contained in paragraphs 1 through 9, 12 through 24, and 28-29, and 31, are re-alleged and incorporated by reference as if fully set forth herein.

33.    On or about March 12, 2013, in the Northern District of Ohio, Eastern Division, Defendant LERONA RENAY SHELTON, aka RENAY BAKER, aka LERONA BAKER, aka RENAY SHELTON, did knowingly and willfully make a material false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of a department and agency of the United States, that is, the Internal Revenue Service, when she stated that she contacted Sean Houston to get personal advice on her personal tax return, when as she then and there well knew, she had contacted Sean Houston, not for advice on her personal tax return, but to prepare tax returns for other individuals.

All in violation of Title 18, United States Code, Section 1001.

## COUNT 10
18 U.S.C., § 1001
False Statements

The Grand Jury charges:

34.    The factual allegations contained in paragraphs 1 through 9, 12 through 24, 28-29, and 31, are re-alleged and incorporated by reference as if fully set forth herein.

35.    On or about March 12, 2013, in the Northern District of Ohio, Eastern Division, Defendant LERONA RENAY SHELTON, aka RENAY BAKER, aka LERONA BAKER, aka RENAY SHELTON, did knowingly and willfully make a material false, fictitious, and

8

fraudulent statement and representation in a matter within the jurisdiction of a department and agency of the United States, that is, the Internal Revenue Service, when she stated to a special agent, IRS-CI, that she had never heard of the companies Krystal Company, Beverly Healthcare, and First Financial Asset Management, when as she then and there well knew, she had heard of these entities, in that she sent Houston false Forms W-2 in the names of these companies.

All in violation of Title 18, United States Code, Section 1001.

**COUNT 11**
18 U.S.C., § 1001
False Statements

The Grand Jury charges:

36. The factual allegations contained in paragraphs 1 through 9, 12 through 24, 28-29, and 31, are re-alleged and incorporated by reference as if fully set forth herein.

37. On or about March 12, 2013, in the Northern District of Ohio, Eastern Division, Defendant LERONA RENAY SHELTON, aka RENAY BAKER, aka LERONA BAKER, aka RENAY SHELTON, did knowingly and willfully make a material false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of a department and agency of the United States, that is, the Internal Revenue Service, when she stated that she did not recall sending identifications, Forms W-2, and return information to Sean Houston, when as she then and there well knew, she did recall sending these documents, in that she had sent them to Houston through a relative of SHELTON.

All in violation of Title 18, United States Code, Section 1001.

## COUNT 12
18 U.S.C., § 1001
False Statements

The Grand Jury charges:

38. The factual allegations contained in paragraphs 1 through 9, 12 through 24, 28-29, and 31, are re-alleged and incorporated by reference as if fully set forth herein.

39. On or about March 12, 2013, in the Northern District of Ohio, Eastern Division, Defendant LERONA RENAY SHELTON, aka RENAY BAKER, aka LERONA BAKER, aka RENAY SHELTON, did knowingly and willfully make a material false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of a department and agency of the United States, that is, the Internal Revenue Service, when she stated she did not recognize the names on the Santa Barbara Bank and Trust checks in the taxpayer names of DS, GS, TS, and ZP, when as she then and there well knew, she did recognize these names and had provided these checks to Nikita Griffin.

All in violation of Title 18, United States Code, Section 1001.

## COUNT 13
18 U.S.C., § 1623
Grand Jury Perjury

The Grand Jury charges:

40. The factual allegations contained in paragraphs 1 through 9, 12 through 24, 28-29, and 31, are re-alleged and incorporated by reference as if fully set forth herein.

41. On or about March 12, 2013, in the Northern District of Ohio, Eastern Division, Defendant LERONA RENAY SHELTON, aka RENAY BAKER, aka LERONA BAKER, aka

RENAY SHELTON, while under oath and testifying before a Grand Jury of the United States in the Northern District of Ohio, Eastern Division, that was conducting the investigation described in paragraph 28 of this Indictment, knowingly did make false material declarations, as reflected in the following pages of the transcript of her grand jury testimony, that is to say, she gave the following false testimony:

*Page 18*

- Q. What kind of documents did you send him?
- A. <u>Stuff pertaining to my personal taxes.</u>

*Page 25*

- Q. We showed you some checks and you said you weren't able to identify them?
- A. <u>I was not able to identify them.</u>
- Q. Did you know that somehow or other, Nikita Griffin came to possess or come into possession of checks issued by the Treasury with respect to tax returns prepared by Sean Houston?
- A. <u>No. Didn't know that until you guys told me.</u>

*Page 26-27*

- Q. So the question is: Do you have any knowledge about, either know or know anything about, any of the individuals or the three businesses listed on this document?
- A. <u>No, I don't know these names nor do I know the businesses.</u>
- Q. So you have no knowledge of anybody, then, obviously, dealing with or transporting either tax returns, copies of Social Security cards, or driver's licenses, or anything dealing with any of these names?
- A. <u>No.</u>
- Q. The three company names are Crystal Company, Beverly Health Care, First Financial Asset Management. Do you know anything about those companies?
- A. <u>No, none of this looks familiar to me.</u>
- Q. So certainly then, your testimony is, you did not tell Sean Houston that you wanted to have him help prepare tax returns for employees of these companies?
- A. <u>No.</u>

11

*Page 30*

> Q. Do you have any knowledge of anybody preparing false tax returns to get false refunds?
> A. <u>Not that I'm aware of.</u>

42. The underlined answers were false, as SHELTON then and there well knew, in that: (1) SHELTON contacted Houston to prepare tax returns in names other than her own; (2) SHELTON sent Houston identification documents for other purported taxpayers, and not for herself; (3) SHELTON could identify checks she had been shown, in that she had received from Houston the checks she was shown; and SHELTON caused them to be provided to Griffin; (4) SHELTON knew the names of the companies because she had sent to Houston Forms W-2s in the names of these companies, and she had asked Houston to prepare tax returns in the individuals' names; (5) SHELTON sent Houston a package of identification documents and false Form W-2s, and sent a second package of alleged signed electronic consent forms; and (6) SHELTON knew that Santa Barbara Bank had advised Houston that tax returns he had prepared for SHELTON were fraudulent.

All in violation of Title 18, United States Code, Section 1623.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.